# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CECIL THORNTON, CDCR #V-64547,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL SHANAHAN, CDCR Adult Parole Agent; MARIA DOMINGUEZ, CDCR Adult Parole Agent; RONALD EDWARDS, San Diego Sheriff Sgt.,<br><br>Defendants. | Civil No. 14cv1465 BTM (RBB)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) [ECF Doc. No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

William Cecil Thornton ("Plaintiff"), proceeding pro se and currently incarcerated at Valley State Prison, in Chowchilla, California, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims two state parole agents and a San Diego County Sheriff's Department Sergeant arrested him on October 17, 2013, for failing to timely register as a sex offender in order to retaliate against him for having filed a previous lawsuit. *See* Compl. (ECF Doc. No. 1) at 3-5. Plaintiff seeks injunctive relief "restraining" one of the defendants as well as general and punitive damages. *Id.* at 8.

Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).

## I.

### MOTION TO PROCEED IFP

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners," like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in installments as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state

a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

## II.

### APPLICATION TO PLAINTIFF

As an initial matter, the Court has carefully reviewed Plaintiff's pleading and has ascertained that it contains no "plausible allegation" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, Plaintiff's alleges two state parole agents and a San Diego County Sheriff's Department Sergeant arrested him in late 2013 and filed a "false report" charging him with failing to timely register as a sex offender in order to retaliate against him for having filed a previous lawsuit in 2010. *See* Compl. at 3-5.

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Plaintiff, William Cecil Thornton, CDCR #V-64547, has had more than three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Thornton v. Neotti, et al.*, S. D. Cal. Civil Case No. 3:10-cv-1677-LAB-BGS (S.D. Cal. January 3, 2011 Order Dismissing Second Amended Complaint for Failing to State a Claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)) (ECF Doc. No. 13); and (May 17, 2012 Mandate of USCA affirming the decision of the USDC) (ECF Doc. No. 22) (strike one);

2) *Thornton v. Cate, et al.*, S. D. Cal. Civil Case No. 3:10-cv-1585-JLS-PCL (S.D. Cal. June 28, 2011 Order Sua Sponte Dismissing Second Amended Complaint for Failing to State a Claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)) (ECF Doc. No. 30); and (Dec. 16, 2011 Order of USCA dismissing appeal pursuant to Ninth Circuit Rule 42-1) (ECF Doc. No. 38) (strike two);

3) *Thornton v. Cavalin, et al.,* S.D. Cal. Civil Case No. 3:11-cv-0108-BEN-CAB (S.D. Cal. July 19, 2011 Order Dismissing First Amended Complaint as Frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b) (ECF Doc. No. 7); and (Dec. 13, 2011 Order of USCA dismissing appeal pursuant to Ninth Circuit Rule 42-1) (ECF Doc. No. 13) (strike three);

4) *Thornton v. Cavalin, et al.*, S.D. Cal. Civil Case No. 3:11-cv-2309-MMA-PCL (S.D. Cal. Jan. 9, 2012 Order Granting Motion to Proceed *In Forma Pauperis* and Dismissing Complaint as Frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)) (ECF Doc. No. 3); (April 11, 2012 Order of USCA finding appeal frivolous and directing appellate to pay $455 fee or face dismissal for failing to prosecute) (ECF Doc. No. 9); and (May 10, 2012 Order of USCA dismissing appeal pursuant to Ninth Circuit Rule 42-1) (strikes four and five); and

5) *Thornton v. Deddeh*, S.D. Cal. Civil Case No. 3:11-cv-2401-LAB-KSC (S.D. Cal. Jan. 17, 2012 Order Granting Motion to Proceed *In Forma Pauperis* and Dismissing Civil Action as Frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)) (ECF Doc. No. 5); (May 10, 2012 Order of USCA finding appeal frivolous and directing appellant to pay $455 fee or face dismissal for failing to prosecute) (ECF Doc. No. 11);

and (June 19, 2012 Order of USCA dismissing appeal pursuant to Ninth Circuit Rule 42-1) (ECF Doc. No. 13) (strikes six and seven).

Accordingly, because Plaintiff has, while incarcerated, accumulated more than the three "strikes" permitted pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## III.
### CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

(1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2) as barred by 28 U.S.C. § 1915(g);

(2) **DISMISSES** this action sua sponte without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a);[1] and

(3) **CERTIFIES** that an IFP appeal from this Order would also be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548,

---

[1] If Plaintiff wishes to pursue his claims, he must commence a new and separate civil action by filing a complaint pursuant to FED.R.CIV.P. 3 which is accompanied by the $400 in civil and administrative filing fees required by 28 U.S.C. § 1914(a). Plaintiff is further cautioned that because he is not eligible to proceed IFP, he will also not be entitled to the U.S. Marshal service authorized by 28 U.S.C.§ 1915(d) and FED.R.CIV.P. 4(c)(3). Finally, because Plaintiff is a prisoner, any complaint he files will be subject to the screening required by 28 U.S.C. § 1915A(a) and dismissed sua sponte if it is found frivolous or malicious, if it fails to state a claim, or if it seeks monetary relief from a defendant who is immune, regardless of whether he has paid the full filing fee. *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b) screening requirements).

550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: October 9, 2014

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court